## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  VIOXX® | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | |
| This document relates to: | * | JUDGE FALLON |
| *Joan M. Petty v. Merck Corporation, et al.* | * | |
| (E.D. La. Index No. CA-07-3724-L) | * | MAG. JUDGE KNOWLES |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### DEFENDANT MERCK & CO., INC.'S MOTION TO DISMISS COMPLAINT AND INCORPORATED MEMORANDUM OF LAW

Defendant, Merck & Co., Inc. ("Merck"), incorrectly named herein as Merck Corporation, moves pursuant to Federal Rules of Civil Procedure 12(b)(6) and 9(b) to dismiss Plaintiff Joan M. Petty's ("Ms. Petty" or "plaintiff") complaint, in which Ms. Petty purports to state a claim under the Racketeer Influenced and Corrupt Organizations Act ("RICO").  In support, Merck states:

**I.    INTRODUCTION**

Approximately seventeen months ago, Ms. Petty, through counsel, filed a personal injury complaint in federal court alleging that she suffered physical and emotional injuries as a result of ingesting the prescription medicine Vioxx® ("Vioxx") and that she has suffered "economic loss" as a result.  *See Joan M. Petty v. Merck & Co., Inc.*, Case No. 06-14041-Civ-Graham/Lynch (S.D. Fla.), ¶¶ 37, 43, 51 (attached as Exhibit "A").  Ms. Petty's personal injury complaint includes two product liability counts (defective design and failure to warn) and a breach of express warranty claim, based on allegations that Vioxx was not reasonably suitable for its intended purpose (Ex. A ¶ 32) and that Merck "failed to provide[] adequate warnings to medical providers, the FDA and the consuming public" (Ex. A ¶ 42).

Now—a year and a half later—Ms. Petty has attempted to recast the same facts and injuries alleged in her personal injury complaint in a second RICO action. That attempt fails. Even accepting her allegations as true and making all reasonable inferences in her favor, Ms. Petty's complaint must be dismissed with prejudice for at least four reasons.

*First*, Ms. Petty lacks statutory standing to sue under RICO because she does not plead and cannot show any injury to her "business or property" as required by the statute. *Second*, Ms. Petty fails to allege any facts establishing the existence of an enterprise other than defendant Merck, and thus cannot overcome RICO's requirement that the "person" who allegedly violates section 1962(c) must be distinct from the "enterprise" whose affairs that person allegedly conducts. *Third*, Ms. Petty fails to allege facts sufficient to state a claim for the alleged predicate acts committed by Merck. *Finally*, if the Court determines that the Complaint states a RICO claim – which it clearly does not – Ms. Petty's RICO action should be dismissed because she has impermissibly split her claims.

## II. APPLICABLE LEGAL STANDARD

The Federal Rules of Civil Procedure require a plaintiff to provide "a short and plain statement of the claim" that "will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957) (quoting Fed. R. Civ. P. 8(a)(2)). However, as the Supreme Court recently made clear, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, __ U.S. __, 127 S.Ct. 1955, 1964-65 (2007); *see also, e.g.*, *Bill Buck Chevrolet, Inc. v. GTE Florida, Inc.*, 54 F. Supp. 2d 1127, 1131 (M.D. Fla. 1999) (To survive a motion to dismiss, "a plaintiff may not merely 'label' claims."). Rather, a plaintiff must plead *facts* that, if

2
SQUIRE, SANDERS & DEMPSEY L.L.P.

proved, would satisfy the elements of a claim. These "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*. 127 S.Ct. at 1965. A "statement of facts that merely creates a suspicion [of] a legally cognizable right of action" will not suffice. *Id.* (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-36 (3d ed. 2004)). Moreover, claims filed under RICO "must be subjected to scrutiny due to their potential for abuse by civil litigants." *Bill Buck Chevrolet*, 54 F. Supp. 2d at 1131 (internal citation omitted). As discussed below, Ms. Petty's complaint fails to satisfy these standards in numerous respects.

### III.   MS. PETTY'S COMPLAINT MUST BE DISMISSED WITH PREJUDICE BECAUSE SHE LACKS STANDING TO BRING A RICO CLAIM.

Under the plain terms of the RICO statute, civil plaintiffs have standing to sue only if they have (1) been injured in their "business or property" (2) "by reason of" the conduct constituting the RICO violation. *Avirgan*, 932 F.2d at 1577; *see* 18 U.S.C. § 1964(c) ("Section 1964") ("[a]ny person injured in his business or property by reason of a violation of section 1962 of this chapter may sue therefore in any appropriate United States district court"); *Price v. Pinnacle Brands*, 138 F.3d 602, 606 (5th Cir. 1998) ("a RICO plaintiff must satisfy two elements – injury and causation"). Ms. Petty's RICO claim fails as a matter of law because she did not suffer an injury to her "business or property" as required by the statute, and her complaint therefore should be dismissed.

It is settled law that claims of personal injury (including claims of economic loss resulting from such injury) do not constitute injury to "business or property" under RICO. *See, e.g.*, Greg Joseph, Civil RICO: A Definitive Guide at 30 (2d ed. 2000); *cf. Summit Properties Inc. v. Hoechst Celanese Corp.*, 214 F.3d 556, 562 (5th Cir. 2000) (noting that text of RICO does

not evidence an intent to federalize or escalate state products liability laws); *see also Price*, 138 F.3d at 607 n.20 ("it is undisputed that, to the extent that plaintiffs claim they were injured through a gambling habit or addiction, they do not have standing under § 1964(c), as there is ***no recovery under RICO for personal injuries***") (emphasis added); *Hughes v. Tobacco Inst., Inc.*, 278 F.3d 417, 422 (5th Cir. 2001) (affirming dismissal of plaintiffs' RICO claim because "the only damages asserted by the Plaintiffs are for personal injuries").

In *Grogan v. Platt*, 835 F.2d 844, 846-47 (11th Cir. 1988), for example, the court squarely held that plaintiffs "cannot recover under RICO for those pecuniary losses that are most properly understood as part of a personal injury claim." *Grogan* involved civil RICO claims brought by several FBI agents (or their heirs) who had been injured or killed by the defendant in a gun battle. *Id*. at 845. The agents argued that persons who are killed or injured by RICO predicate acts suffer real economic consequences as a result, and that these economic consequences constitute an "injury to property" sufficient to support standing under RICO. *Id*. at 846. The Eleventh Circuit disagreed. Noting that Congress had intended RICO to be a "flexible tool in fighting organized crime," the court noted that civil plaintiffs, "attracted by RICO's provision for treble damages and attorney's fees," had developed numerous ways to "use[] this flexibility to their advantage." *Id*. "However," the court continued,

> some limits on civil RICO still exist, for only *recoverable* damages will flow from the commission of the predicate acts. RICO provides that "[a] person injured *in his business or property* by reason of a violation of section 1962 of this chapter may sue therefor." The words "business or property" are, in part, words of limitation . . . . In our view, the ordinary meaning of the phrase "injured in his business or property" *excludes personal injuries, including the pecuniary losses therefrom.*

*Id*. at 846-47 (third emphasis added).  Pecuniary losses such as loss of earnings, loss of consortium, loss of guidance, mental anguish, and pain and suffering were, in the court's view, "so fundamentally a part of personal injuries that they should be considered something other than injury to 'business and property.'"  *Id*. at 847.  The court therefore affirmed the dismissal of the plaintiff's complaint for failure to state an injury to business or property.  *Id*.

This case is on all fours with *Price, Hughes* and *Grogan*.  Ms. Petty unequivocally admits that her purported damages stem from an alleged personal injury, alleging: "I received a life threatening injury from taking the drug Vioxx for 5 years."  (Compl. at p. 5).  She further asserts that, to prove her claims, she will rely on "evidence and *medical records*."  (Compl. at p. 5) (emphasis added).[1]  Because Ms. Petty's putative RICO action is based squarely on claims of personal injury and related damages, *Grogan* compels the conclusion that she lacks standing to sue under RICO.  And because this is not a defect that can be corrected by amending her complaint, her claims must be dismissed with prejudice.  *Conley*, 355 U.S. at 455; *see also Foman v. Davis*, 371 U.S. 178, 182 (1962) (court need not provide leave to amend where amendment would be futile).

Notably, the one other federal court to face a RICO claim based on alleged Vioxx use dismissed the case on similar grounds.  In *Judith Lehr v. Merck & Co., Inc.*, Case No. 01-cv-0516-MJR (S.D. Ill. Jan. 6, 2003), for example, the plaintiff alleged that Merck violated RICO by "'conduct[ing] an enterprise through a pattern of mail, wire, radio and TV fraud to induce [Lehr] to purchase VIOXX® at exorbitant prices in violation of the Mail Fraud Act.'"  *Id.* at 3 (*Lehr* Order, attached hereto as Ex. B).  The plaintiff claimed that she suffered a property loss or

---

[1] She also makes the cryptic allegation that "MERCK at al has taken from the Plaintiff Joan M. Petty over a million dollars plus her life."  (Compl. at 4.)  This is presumably a reference to her alleged injury and the alleged costs of treatment for this injury.

a compromised or diminished value by purchasing a product that failed to provide the safety or efficacy of comparable medications.  *Id.* at 4.  The *Lehr* court concluded that the "diminished value" theory did not constitute an injury to business or property and therefore the plaintiff lacked standing to bring a RICO claim.  *Id.* (citing *Maio v. Aetna, Inc.*, 221 F.3d 472, 483 (3d Cir. 2000)).  Because Ms. Petty did not and cannot plead injury to her business or property, this Court should reach the same conclusion and dismiss her complaint for lack of standing.

## IV.  THE COMPLAINT MUST BE DISMISSED BECAUSE IT FAILS TO ALLEGE AN "ENTERPRISE" DISTINCT FROM THE DEFENDANT.

Even if Ms. Petty had standing, her complaint would still have to be dismissed because she has not adequately alleged an enterprise distinct from the defendant.  Although plaintiff's complaint does not specify which subsection of RICO she intends to invoke, the complaint can only be plausibly read as invoking subsection 1962(c), which provides that "[i]t shall be unlawful for any person employed by or associated with any enterprise . . . to conduct or participate . . . in the conduct of such enterprise's affairs through a pattern of racketeering activity."  18 U.S.C. § 1962(c); *see* Compl. at 2 (alleging that defendant "operated and managed the RICO enterprise and conducted the pattern of racketeering").[2]

As numerous courts have recognized, this statutory language clearly envisions a relationship between a "person" who engages in racketeering activity and a separate "enterprise" whose affairs that person conducts.  *See*, *e.g.*, *St. Paul Mercury Ins. Co. v. Williamson*, 224 F.3d 425, 445 (5th Cir. 2000).  Thus, section 1962(c) requires that the "person" who engages in the

---

[2]    The remaining subsections prohibit *investing income* derived, directly or indirectly, from a pattern of racketeering activity or through collection of an unlawful debt in any enterprise which affects interstate commerce, *see* 18 U.S.C. § 1962(a); *acquiring or maintaining an interest* in any enterprise which affects interstate commerce through a pattern of racketeering activity or through collection of an unlawful debt, *see* 18 U.S.C. § 1962(b); or *conspiring to violate* any of the other subsections of section 1962, *see* 18 U.S.C. § 1962(d).  Ms. Petty does not allege that Merck "invested" any income derived from a pattern of racketeering under subsection 1962(a), or that Merck "acquired an interest in an enterprise" through racketeering under subsection 1962(b), or that Merck "conspired to" commit a RICO violation under 1962(d).

pattern of racketeering activity be an entity distinct from the enterprise when the entity is a corporation.  *St. Paul Mercury Ins. Co.*, 224 F.3d at 445 ("Like the overwhelming majority of our sister circuits, we have held that subsection (c) requires that the RICO person be distinct from the RICO enterprise."); *see also Cedric Kushner Promotions, Ltd. v. King*, 533 U.S. 158, 162 (2001) (collecting cases from 12 circuits courts of appeal and noting that "liability depends on showing that the defendants conducted or participated in the conduct of the 'enterprise's affairs,' not just their own affairs"); *Jaguar Cars, Inc. v. Royal Oaks Motor Car Co.*, 46 F.3d 258, 265, 268 (3d Cir. 1995) (holding that "a corporation would be liable under section 1962(c) only if it engages in racketeering activity as a 'person' in another distinct 'enterprise'").

Courts have also recognized that the distinct identity requirement "would be eviscerated if a plaintiff could successfully plead that the enterprise consists of a defendant corporation in association with employees, agents, or affiliated entities acting on its behalf."  *Brittingham v. Mobil Corp.*, 943 F.2d 297, 301-02 (3d Cir. 1991) ("Without allegations or evidence that the defendant corporation had a role in the racketeering activity that was distinct from the undertaking of those acting on its behalf, the distinctiveness requirement is not satisfied."); *Parker & Parsley Petroleum v. Dresser Indus.*, 972 F.2d 580, 583-584 (5th Cir. 1992) (plaintiff may not simply allege that corporate defendant and its employees constitute the enterprise); *Old-Time Enters. v. Inter'l Coffee Corp.*, 862 F.2d 1213 (5th Cir. 1989) (same); *Riverwoods Chappaqua v. Marine Midland Bank,* 30 F.3d 339, 344-45 (2d Cir. 1994) (distinctness requirement may not be circumvented by alleging an enterprise that consists merely of a corporate defendant associated with its own employees or agents carrying on the regular affairs of the corporation); *Odishelidze v. Aetna Life & Cas. Co.*, 853 F.2d 21, 23-24 (1st Cir. 1988) (same); *Yellow Bus Lines, Inc. v. Local Union*, 639, 883 F.2d 132, 139-141 (D.C. Cir. 1989),

*adopted on reh'g*, 913 F.2d 948, 951 (D.C. Cir. 1990) (en banc) (an organization cannot join with its own members to do that which it normally does and thereby form an enterprise separate and apart from itself; allowing plaintiffs to generate such contrived enterprises would render the non-identity requirements of section 1962(c) meaningless); *Jaguar Cars*, 46 F.3d at 265 (because corporations are "by definition passive instruments" that can act only through their officers and employees, "it is not apparent how a corporation could ever play a role in the racketeering activity distinct from its officers and employees").

For example, in *Parker & Parsley Petroleum*, the plaintiff petroleum company hired the defendant service company to fracture many of its oil wells. 972 F.2d at 582. The plaintiff alleged that the defendant used less sand and gel than it had agreed to, resulting in the extraction of less oil. *Id.* Plaintiff sued, claiming a number of state law violations as well as violation of the federal RICO statute. In seeking to satisfy RICO's "enterprise" requirement, plaintiff alleged that there were three "enterprises" involved for RICO purposes: an association-in-fact composed of the field employee who carried out the alleged "shortchanging"; each respective corporate defendant, as the servicing entity; and a corporate partnership, as the servicing entity. *Id.* at 583. The district court dismissed the case, and the Fifth Circuit affirmed.

Regarding the unit of field employees, the court found that these employees either "had no existence as an entity separate and apart from the actual pattern of racketeering" or were merely "the defendant corporate entity functioning through its employees in the course of their employment" and "neither of these can constitute a RICO enterprise." *Id.* As for the corporation and/or partnership, the court found that "the corporate partners in the servicing entity, or alternatively, [the partnership], committed the predicate acts, if such acts may be attributed to them, in the course of their regular business" and therefore did not constitute RICO entities. *Id.*

at 584.  "Because a corporation cannot be both the enterprise and the RICO perpetrator," the court concluded, "this association cannot be a RICO enterprise."  *Id.*

The same is true here.  Ms. Petty's allegations fail to meet the distinct identity requirement.  In her complaint, Ms. Petty contends that "MERCK Corporation engages in a pattern of racketeering activity through local entities and association in fact enterprise *consisting exclusively of its officers and or employees such as their shareholders, officers directors or employees*."  (Compl. at p. 2) (emphasis added).  These allegations fail to satisfy the distinct identity requirement because Merck cannot "associate with" or "be employed by" itself, *see U.S. v. Goldin*, 219 F.3d 1268, 1271 (11th Cir. 2000) (expressly adopting distinct identity requirement), and, as discussed above, Ms. Petty cannot overcome this problem by alleging that Merck and its employees constitute the enterprise.  *See Parker & Parsley Petroleum*, 972 F.2d at 583-84 (plaintiff may not simply allege corporate defendant and its employees constitute enterprise).

Elsewhere in her complaint, Ms. Petty alleges that Merck "deals with its dealers and other agents."  (Compl. at p. 2.)  This vague allegation cannot save her claim because it does not identify who the other participants are or how they are involved in the alleged entity.  Under well-established law, "plaintiffs must plead specific facts, not mere conclusory allegations, which establish the enterprise."  *Montesano v. Seafirst Commercial Corp.*, 818 F.2d 423, 427 (5th Cir. 1987); *see also Bill Buck Chevrolet*, 54 F. Supp. 2d at 1135 (quoting *Richmond. v. Nationwide Cassel L.P.*, 52 F.3d 640 (7th Cir. 1995)).  Indeed, allegations so vague that they do "not identify the other participants in the alleged enterprise fail[] to satisfy the notice requirement of Federal Rule of Civil Procedure 8."  *Id*.

In *Bill Buck Chevrolet*, for example, the plaintiff instituted a RICO complaint against a telephone service provider alleging that fraudulent charges had been "crammed" into billing statements. *Id*. at 1129. The Middle District of Florida noted that:

> Plaintiff's complaint identifies the other members of the alleged enterprise only in vague terms. While it refers to them as "service providers" and "bill aggregators," it never identifies any particular service provider or bill aggregator as having a business relationship with Defendant, much less as having engaged in "cramming" in the context of that business relationship. The presence of an enterprise is an essential element of a RICO complaint; *merely identifying the type of business in which the members of the alleged enterprise engage is not enough* either to allow the Court to evaluate whether the alleged enterprise constitutes an enterprise within the meaning of RICO, or to provide Defendant fair notice of the claim against which it must defend.

*Id*. (emphasis added).

Similarly here, Ms. Petty does not identify any particular "dealer" or "agent" of Merck, let alone their roles in the context of racketeering. Indeed, Ms. Petty does not even identify the type of business in which the members of the alleged enterprise engage. The complaint is thus devoid of any factual allegations that might reasonably suggest the existence of an enterprise, an essential element of a RICO claim. For this reason too, Ms. Petty's complaint must be dismissed.

## V.  THE COMPLAINT MUST BE DISMISSED BECAUSE IT FAILS ADEQUATELY TO ALLEGE PREDICATE ACT VIOLATIONS.

Ms. Petty's allegations regarding the predicate acts of racketeering are also patently insufficient to support a RICO cause of action. One alleged predicate act – fraud – is not a RICO predicate act at all, and none of the three alleged predicate acts satisfy the pleading requirements set forth in the Fed. R. Civ. P. 8 and 9(b).

As noted above, to state a claim under Section 1962(c), a plaintiff must allege that the defendant participates in the conduct of an enterprise "through a pattern of racketeering activity." 18 U.S.C. § 1962(c). The acts comprising the racketeering activity are commonly known as "predicate acts." *Dennis v. General Imaging, Inc.*, 918 F.2d 496, 511 (5th Cir. 1990). Although the complaint is unclear, plaintiff appears to allege that Merck engaged in three predicate acts: murder, money laundering, and common-law fraud. *See* Compl. at 4 (alleging that "MERCK enterprise organization were sufficiently related in the acts of murder and money laundering"); Compl. at 3 (alleging that a "related pattern of criminal activity exists when MERCK et al defrauded the public and the FDA Knowingly [sic] and willingly held back evidence that the drug Vioxx was causing damage and life threatening injury to persons using the drug").

Initially, the allegation that Merck committed common-law fraud must be disregarded, because common-law fraud is not a defined predicate act that can support a RICO claim.[3] *Humphrey v. United Parcel Service Co.*, Case No. 05-20283-Civ-Jordan, 2005 U.S. Dist. LEXIS 38827, at *4-5 (S.D. Fla. May 20, 2005) (claim not actionable under RICO because the alleged conduct does not fall within any of the predicate criminal acts listed in 18 U.S.C. § 1961(1) and therefore cannot be considered 'racketeering activity'"). Even if plaintiff's complaint could be construed as alleging mail or wire fraud, it does not allege a single fact to support the allegation

---

[3]   18 U.S.C. § 1961 provides an exhaustive list of the acts that constitute "racketeering" under RICO. The list, which covers a wide range of federal and state crimes, including the following: any act or threat involving murder, kidnapping, gambling, arson, robbery, bribery, extortion, dealing in obscene matter, or dealing in a controlled substance or listed chemical, 18 U.S.C. § 1961(1)(A); bribery, counterfeiting, mail fraud, wire fraud, financial institution fraud, obstruction of justice, tampering with or retaliating against a witness, victim, or informant, money laundering, sexual exploitation of children, interstate transportation of stolen motor vehicles or stolen property, or trafficking in contraband cigarettes, 19 U.S.C. § 1961(1)(B); improper payments or loans to unions or embezzlement from union funds, 19 U.S.C. § 1961(1)(C); fraud in the sale of securities, or the felonious manufacture, importation, receiving, concealment, buying, selling, or otherwise dealing in a controlled substance, 19 U.S.C. § 1961(1)(D); any act which is indictable under the Currency and Foreign Transactions Reporting Act, 19 U.S.C. § 1961(1)(E); or any act which is indictable under the Immigration and Nationality Act, if the act was committed for the purpose of financial gain, 19 U.S.C. § 1961(1)(F).

that Merck committed any of the three alleged predicate acts, or plead fraud with the particularity required by Rule 9(b) of the Federal Rules of Civil Procedure.

As discussed *supra*, the Supreme Court has recently clarified that to satisfy the pleading requirements of Fed. R. Civ. P. 8, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 127 S.Ct. at 1965; *see also, e.g.*, *Bill Buck Chevrolet, Inc. v. GTE Florida, Inc.*, 54 F. Supp. 2d 1127, 1131 (M.D. Fla. 1999) (To survive a motion to dismiss, "a plaintiff may not merely 'label' claims."). Thus, a plaintiff must plead *facts* that, if proved, would satisfy the elements of a claim.[4]

Ms. Petty's complaint fails to meet these pleading standards with respect to its claims for murder and money laundering. It fails to allege a *single fact* to support the assertion that Merck engaged in either act, instead offering only the conclusory statement that Merck was involved in purported predicate acts of murder and money laundering. Indeed, Ms. Petty does not even allege the elements of either crime under the applicable state or federal law. *See McCulloch v. PNC Bank Inc.*, 298 F.3d 1217 (11th Cir. 2001) (affirming dismissal of RICO complaint on ground that plaintiff failed to identify elements of underlying cause of action). Having failed to identify a single fact or allege the elements of the predicate acts, Ms. Petty's complaint falls far short of the standard required to state a cause of action under RICO.

The complaint's fraud allegations – even if they can be construed as claims of mail fraud – are similarly deficient, and manifestly fail to meet the heightened Rule 9(b) pleading standards applicable to claims of fraud. *See Tel-Phonic Services, Inc. v. TBS Int'l, Inc.*, 975 1134, 1138

---

[4] Ms. Petty also failed to submit a RICO Case Statement as required by Local Rule 12.1 of the Southern District of Florida. Under Local Rule 12.1, a plaintiff must file a detailed statement of the facts giving rise to the alleged RICO claim within 30 days of filing the complaint. Ms. Petty's counsel made his appearance before the expiration of the RICO Case Statement deadline, failed to file the required RICO Case Statement, and failed to request an extension of time within which to do so.

(5th Cir. 1992) (Rule 9(b) "particularity requirement applies to the pleading of fraud as a predicate act in a RICO claim").  Rule 9(b) provides that "in all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity."  Pleading fraud with particularity is necessary in order to provide defendants with sufficient notice of the acts of which the plaintiff complains to enable them to frame a response, prevent fishing expeditions to uncover unknown moral wrongs, and protect defendants from unfounded accusations of immoral and otherwise wrongful conduct.  *Bill Buck Chevrolet*, 54 F. Supp. 2d at 1135-36 (citing *CR Credit Corp. v. Reptron Electronics, Inc.*, 155 F.R.D. 690, 692 (M.D. Fla. 1994)).

In the Fifth Circuit, pleading fraud with particularity requires "time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what [that person] obtained thereby."  *Williams v. WMX Techs.*, 112 F.3d 175, 177 (5th Cir. 1997).  In *Williams*, plaintiffs were buyers of securities alleging that the seller of the securities had committed RICO violations based on various underlying actions grounded in fraud (mail and wire fraud, state law fraud, negligent misrepresentation, and 10b-5 misrepresentation).  The court dismissed the suit because plaintiffs did not plead their RICO action with the requisite particularity required by the Federal Rules.  *Id.* at 180.  According to the court, "articulating the elements of fraud with particularity requires a plaintiff to specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent."  *Id.* at 177.  Applying that standard to plaintiffs' pleading, the court found that the complaint failed to state a "place or time" where alleged false representations were made, did not explain which statements in a prospectus plaintiffs

considered false, and did not explain why the newspaper articles attached to the complaint were false and misleading.  *Id.* at 178-179.

Here, Ms. Petty's allegations are so scant that Merck cannot decipher what she believes to be the alleged fraud and cannot determine whether the alleged conduct would constitute racketeering under RICO.  Like the plaintiff in *Williams*, Ms. Petty fails to satisfy even the relaxed pleading standard.  She does not adequately plead the contents of the alleged fraudulent misrepresentation, who made the statements, or where these putative statements were made.  Accordingly, her allegations fall *far* short of the requirements for pleading a predicate act.

## VI.     MS. PETTY'S COMPLAINT MUST BE DISMISSED BECAUSE SHE HAS IMPROPERLY SPLIT HER CLAIMS.

As the above discussion demonstrates, plaintiff's complaint falls far short of stating a valid claim for a RICO violation because she lacks standing to bring a RICO claim, she has not properly alleged an enterprise, and she has not alleged any cognizable predicate acts with the particularity required under the Federal Rules.  However, even if this Court should decide that plaintiff has stated an adequate RICO claim – which she has not – it should at a minimum dismiss plaintiff's claim because she has improperly split her claims in multiple forums.  *See Hayes v. Solomon*, 597 F.2d 958, 982 (5th Cir. 1979) ("in accordance with public policy, partially to conserve the courts' time but probably in the main to prevent the hardship upon a defendant of unnecessary piecemeal litigation, a single cause of action cannot be split so as to be properly made the subject of different actions"); *Fleming v. Travenol Laboratories, Inc.*, 707 F.2d 829, 834 (5th Cir. 1983) (affirming grant of summary judgment where "there [could] be no doubt, under the facts of [the] case, that at the time that [plaintiff] filed her EEOC charge and received her right-to-sue letter, she could simply have amended her pending discrimination

complaint and argued the Title VII allegations in that suit"). As the court in *Fleming* asserted, "when one has a choice of more than one remedy for a given wrong . . . he or she may not assert them serially, in successive actions, but must advance all at once on pain of bar." *Id.*

Here, the allegations in Ms. Petty's RICO complaint consist entirely of the damages she suffered purportedly as a result of ingesting Vioxx and Merck's alleged failure to warn adequately of risks associated with Vioxx. *See, e.g.*, Compl. at 3-5 ("I received a life threatening injury from taking the drug Vioxx for 5 years. . . . Furthermore, I can prove all the alleged statements with evidence and medical records."). This is entirely the same set of operative facts as her failure-to-warn claim, also pending in this proceeding. *Joan M. Petty v. Merck & Co. Inc.*, Case No. 06-1699 (M.D.L. 1657). It is clear that these claims arise out of the same substantial facts. Substantially similar – if not identical – evidence and witnesses will be used to support Ms. Petty's allegations as well as Merck's defenses. Therefore, this Court should dismiss plaintiff's RICO action, or at the very least require that she join her two claims arising out of the same transaction.

## VII.   CONCLUSION

For these reasons set forth above, Ms. Petty's RICO complaint must be dismissed. Merck respectfully requests the entry of an order dismissing Ms. Petty's complaint with prejudice.

Dated: August 9, 2007.                                  Respectfully submitted,


                                                        */s/ Dorothy H. Wimberly*
                                                        Phillip A. Wittmann, 13625
                                                        Dorothy H. Wimberly, 18509
                                                        Carmelite M. Bertaut, 3054
                                                        STONE PIGMAN WALTHER WITTMANN
                                                        L.L.C.
                                                        546 Carondelet Street
                                                        New Orleans, Louisiana 70130
                                                        Phone: 504-581-3200
                                                        Fax:    504-581-3361

                                                        Defendants' Liaison Counsel


                                                        Patricia E. Lowry
                                                        Barbara Bolton Litten
                                                        Maria Jose Moncada
                                                        Squire, Sanders & Dempsey L.L.P.
                                                        1900 Phillips Point West
                                                        777 South Flagler Drive
                                                        West Palm Beach, FL 33401-6198
                                                        Phone: 561-650-7200
                                                        Fax:    561-655-1509

                                                        *Attorneys for Defendant Merck & Co.*

## **CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Stipulation of Dismissal Without Prejudice has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 9th day of August, 2007.

/s/ Dorothy H. Wimberly
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Phone:  504-581-3200
Fax:     504-581-3361
dwimberly@stonepigman.com

Defendants' Liaison Counsel