UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

|  |  |  |
|---|---|---|
|  | : | MDL NO. 1657 |
| IN RE: VIOXX | : |  |
|     PRODUCTS LIABILITY LITIGATION | : | SECTION:  L |
|  | : |  |
|  | : | JUDGE FALLON |
|  | : | MAG. JUDGE KNOWLES |
| .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. | : |  |

**THIS DOCUMENT RELATES TO:**
    *Petty v. Merck & Co., Inc., et al.*, **07-3724**

### ORDER & REASONS

    Before the Court is Merck's Motion to Dismiss (Rec. Doc. 3) and the Plaintiff's Motion to Remand (Rec. Doc. 7) the above-captioned case. The Plaintiff has also filed several motions to amend her complaint and a number of additional pleadings. On September 13, 2007, the Court directed Merck to respond to the Plaintiff's various filings and also directed the Plaintiff to respond to Merck's motion to dismiss. Having received those responses, the Court is now ready to rule on the instant motions, as they have been fully briefed. For the following reasons, the Plaintiff's Motion to Remand is DENIED and Merck's Motion to Dismiss is GRANTED.

1

**I.       BACKGROUND**

Represented by counsel, Ms. Joan Petty ("Plaintiff") filed a personal injury complaint against Merck & Co., Inc. on February 10, 2006 in the United States District Court for the Southern District of Florida. In her complaint, the Plaintiff alleges that she suffered physical, emotional, and economic injuries as a result of ingesting the prescription drug Vioxx. In April 2006, her case was transferred into this MDL by the Judicial Panel on Multidistrict Litigation ("JPML") pursuant to 28 U.S.C. § 1407 and assigned local case number 06-1699 in this District. This case remains open and pending on the Court's docket.

On June 7, 2007, proceeding *pro se*, the Plaintiff filed a second case against Merck in the United States District Court for the Southern District of Florida. The Plaintiff's factual allegations in her second complaint are similar to those in her first, but in her second complaint she purports to assert claims under the Racketeer Influenced and Corrupt Organizations ("RICO") Act, 18 U.S.C. §§ 1961-1968. With the assistance of counsel, the Plaintiff attempted to oppose the JPML's transfer of her second case into this MDL. Those attempts were unsuccessful, and her second case was ultimately transferred to this Court by the JPML and assigned local case number 07-3724 in this District. Since that time, the Court has allowed the Plaintiff to file a number of pleadings in this District *pro se* despite the fact that she appears to still be represented by counsel in both cases.[1]

---

[1] As noted, Ms. Petty's counsel in her first case, Mr. Robert J. Fenstersheib, made an appearance in Ms. Petty's second case in Florida to oppose transfer to this MDL. Although the Court has been informed by Ms. Petty that she is not represented by counsel in her second case, and despite direction from the Court to counsel to submit a motion to withdraw if this is in fact true, no motion has been forthcoming and Mr. Fenstersheib technically remains counsel of record in both cases.

**II.    LAW & ANALYSIS**

    **A.    Plaintiff's Motion to Remand**

In her motion to remand, the Plaintiff asks this Court to remand her second case back to the United States District Court for the Southern District of Florida. The Court construes this motion as a request that this Court suggest to the JPML that remand is appropriate, given that "the power to remand a transferred case to the transferor court lies with the Panel, not the transferee district judge." *See* JPML Rule 7.6. The Plaintiff contends that as an elderly *pro se* litigant, having to travel to Louisiana from Florida would cause her undue hardship. Moreover, the Plaintiff argues that her RICO claims do not belong in this MDL.

The Court finds that neither argument justifies a suggestion of remand here. First, the Plaintiff's cases have merely been sent to this District for coordinated pre-trial proceedings pursuant to 28 U.S.C. § 1407, and ultimately will be returned to Florida for trial. Therefore, it is highly unlikely that the Plaintiff will ever have to travel to Louisiana. Second, in transferring the Plaintiff's second case, the JPML recently determined that this case shares "questions of fact that are common to the actions previously transferred to the Eastern District of Louisiana." Moreover, as discussed below, the Plaintiff's second case is not viable. Accordingly, the Court sees no reason to suggest to the JPML that this matter be remanded and therefore the Plaintiff's motion to remand will be denied.

    **B.    Merck's Motion to Dismiss**

Merck moves to dismiss the Plaintiff's second case pursuant to Rule 12(b)(6) of the *Federal Rules of Civil Procedure* for failure to state a claim. "To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atl.*

*Corp. v. Twombly*, ___ U.S. ___, 127 S. Ct. 1955, 1974 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (quoting *Bell Atl. Corp. v. Twombly*, ___ U.S. ___, 127 S. Ct. 1955, 1965 (2007)).

As noted above, the Plaintiff attempts to assert RICO claims in her second case. "RICO creates a civil cause of action for any person injured in his *business or property* by reason of a violation of section 1962." *Brown v. Protective Life Ins. Co.*, 353 F.3d 405, 497 (5th Cir. 2003) (quoting 18 U.S.C. § 1964(c)) (emphasis added). However, as the United States Court of Appeals for the Eleventh Circuit has noted, "[t]he words 'business or property' are, in part, words of limitation" and "the ordinary meaning of the phrase 'injured in his business or property' excludes personal injuries, including the pecuniary losses therefrom." *Grogan v. Platt*, 835 F.2d 844, 846-47 (11th Cir. 1988); *see also Hughes v. Tobacco Inst., Inc.*, 278 F.3d 417, 422 (5th Cir. 2001) ("Because the only damages asserted by the Plaintiffs are for personal injuries, the district court's judgment on the pleadings on [a RICO] claim was proper."). Viewing the Plaintiff's allegations in the most favorable light, the Court nevertheless finds that the Plaintiff's putative RICO claims are based on her alleged personal injuries and therefore that she lacks standing to sue under RICO. The Plaintiff's various proposed amendments do not change this fact and indeed are futile. Accordingly, the Court will grant Merck's motion to dismiss the Plaintiff's second case.[2]

## III.   CONCLUSION

For the foregoing reasons, IT IS ORDERED that the Plaintiff's Motion to Remand (Rec.

---

[2] Having found that the Plaintiff lacks standing to sue under RICO, the Court need not address the additional arguments Merck makes in support of its motion.

Doc. 7) is DENIED and that Merck's Motion to Dismiss (Rec. Doc. 3) is GRANTED such that the Plaintiff's second case, captioned *Petty v. Merck & Co., Inc., et al.*, No. 07-3724, is hereby DISMISSED WITH PREJUDICE.

New Orleans, Louisiana, this 22nd day of October, 2007.

                                                      UNITED STATES DISTRICT JUDGE

Clerk is directed to serve the following by mail:

Joan M. Petty
1525 Lake Clay Drive
Lake Placid, FL 33852

Robert J. Fenstersheib
520 West Hallandale Beach Blvd.
Hallandale, FL 33009